IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN W. DOERSCHLAG, | ) | |
| | ) | |
| Plaintiff, | ) | 4:04cv590 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| MATT PHILLIPS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing nos. 20 and 22, the Motions to Dismiss filed by the defendants. The plaintiff, John W. Doerschlag, asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, and pendant state law claims against officers of the North Platte Police Department who used excessive force in the course of arresting the plaintiff. The plaintiff sustained severe injuries, and the charges against him were subsequently dismissed for lack of probable cause.

Defendants-Matt Phillips, Jeff Foote, Kendall Allison, Dan Shea move for dismissal of the plaintiff's complaint as untimely (filing no. 22). However, as 42 U.S.C. § 1983 does not contain a statute of limitations, the United States Supreme Court has ruled that the limitations period for a claim arising under § 1983 is the general statute of limitations applicable to personal injury actions under the law of the state where the claim accrued. Owens v. Okure, 488 U.S. 235, 249-50 (1989); Wilson v. Garcia, 471 U.S. 261, 276 (1985). In Nebraska, that statute is the four-year personal injury statute of limitations contained in Neb. Rev. Stat. § 25-207. Bridgeman v. Nebraska State Pen, 849 F.2d 1076, 1077 (8th Cir. 1988) (*per curiam*). The alleged use of excessive force occurred on August 18, 2001, and the plaintiff filed his complaint in this action on November 18, 2004, well within the four-

year limitations period.

Defendants-Brian Koerwitz and Victor Sterup state that they have been improperly served with process, that they work for the Nebraska State Patrol Crime Lab, that they have never been employed by the North Platte Police Department, that they had no involvement in the plaintiff's arrest, and that their only involvement with the plaintiff was in performing their jobs as chemists in the crime lab (filing no. 20).  According to the defendants, the summonses for Koerwitz, and Sterup were directed to the North Platte Police Department where a person signed for them without any authority from the defendants to do so.  Filing no. 20 will be granted, and defendants-Koerwitz and Sterup will be dismissed from this litigation.  Not only has the plaintiff failed to serve them properly, but it appears that those defendants did not participate in the use of excessive force which is the subject matter of the plaintiff's civil rights claim.

THEREFORE, IT IS ORDERED:

1. That filing no. 20, the Motion to Dismiss filed by defendants-Brian Koerwitz and Victor Sterup, is granted, and those defendants are dismissed from this litigation;

2. That filing no. 22, the Motion to Dismiss filed by defendants-Matt Phillips, Jeff Foote, Kendall Allison, Dan Shea, is denied, and those defendants shall file an Answer to the complaint within twenty (20) days of the date of this Memorandum and Order.

November 15, 2005.                    BY THE COURT:

/s *Richard G. Kopf*
United States District Judge